IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| v. | Civil Action No.  2:25-cv-541 |
| ALL USDC ASSOCIATED WITH THE VIRTUAL CURRENCY ADDRESS ON THE ETHEREUM BLOCKCHAIN 0x37857E63456d07F110a845ee701058f68F85c1E1, | |
| Defendant. | |

VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Jill L. Locnikar, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1.      This is a civil action *in rem* for forfeiture to the United States of all USDC[1] associated with the virtual currency address on the Ethereum blockchain 0x37857E63456d07F110a845ee701058f68F85c1E1 ("Cryptocurrency address 1"), (the "Defendant Property") pursuant to 18 U.S.C. §§ 981(1)(A) and 981 (a)(1)(C), and 18 U.S.C. § 982(a)(1).

2.      Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a).

3.      Venue is proper under 28 U.S.C. §§ 1395 and 1355(b).

---

[1]USD Coin (USDC) is a cryptocurrency pegged to the value of the U.S. dollar.   Cryptocurrency can exist digitally on the Internet, in an electronic storage device, or in cloud-based servers.

4.       The Federal Bureau of Investigation ("FBI") conducted an investigation of the subject(s) (the "Subject") responsible for using false pretenses to initiate cryptocurrency[2] withdrawals during the month of February, 2025 that resulted in a loss of approximately $500,000.00 for victim ("C.L.").

5.       On February 27, 2025, FBI executed a seizure warrant for the Defendant Property.

6.       On February 17, 2025, the Subject contacted C.L. purporting to be from Kraken Support Services.   The phone number was previously saved on C.L.'s phone as "Kraken Support Services."   The Subject stated that an attempt was made to withdraw Bitcoin from C.L.'s Kraken account, which C.L. denied initiating.   The Subject was able to relay C.L.'s personal identifying information ("PII") and based on the information relayed to C.L., C.L. believed the Subject was a legitimate employee of Kraken.

7.       After C.L. confirmed the PII, the Subject directed C.L. to download a Kraken wallet[3] from the App Store.   Once the Kraken wallet was downloaded, C.L. received, via text message, a sequence of random words that are created by cryptocurrency wallets and are crucial for the recovery and safety of digital assets, also known as a "seed phrase."

8.       C.L. was directed to use the "seed phrase" during the setup of the Kraken wallet. The Subject directed C.L. to move cryptocurrency from a preexisting exchange wallet account to the newly created wallet address on the Kraken wallet, which was setup under the direction of the Subject.

---

[2]Cryptocurrency, a type of virtual currency, is a decentralized, peer-to-peer, network-based medium of value or exchange that may be used as a substitute for flat currency to buy goods or services or exchanged for flat currency or other cryptocurrencies.

[3] Wallets are software programs that interface with blockchains and generate and/or store public and private keys used to send and receive cryptocurrency.

9.      After the call with the Subject, C.L. received emails of withdrawal activity, appearing to originate from Kraken support email, noreply@kraken.com.   In total, C.L. lost approximately $500,000.00 from three separate cryptocurrency transactions under the false pretense that C.L.'s account was compromised.

10.      By maintaining multiple wallets, those who use cryptocurrency for illicit purposes can attempt to thwart law enforcement's efforts to track purchases within the dark web marketplaces.

11.      On February 18, 2025, C.L. received an email from support@email.kraken.com that stated the following: "Kraken recently became aware of a client support employee who appears to have been accessing account information without proper business justification. Upon further investigation, we took several precautionary measures and terminated the employee's system access. We are reaching out to you because your account information may have been viewed and/or accessed by this employee. While your funds were never at risk, we want to remind you that Kraken will never contact you by phone, email, or any other method to request your login credentials, 2FA codes, or other sensitive account details. If you received an unsolicited request for this information, do not respond or provide any details. Instead, report the incident to us immediately through our official support channels."

12.      The FBI performed cryptocurrency tracing analysis on cryptocurrency transacted out of a crypto wallet address owned by C.L. to determine the ultimate destination of C.L's funds.   On or around February 17, 2025, approximately 14,000 USDC was withdrawn from C.L.'s virtual wallet to a cryptocurrency address known as 0x63285E6c01431EcB22038fE17Baa2c04048079Ba ("Cryptocurrency address 2").

13.      Approximately one hour later, Cryptocurrency address 2 sent approximately 14,000 USDC to Cryptocurrency address 1 (the location of the Defendant Property).

Cryptocurrency address 1 is a private cryptocurrency address whose sole source of funds is traceable to C.L.'s stolen funds.

14.    By reason of the foregoing, and under the provisions of 18 U.S.C. §§ 981(a)(1)(A) and 981 (a)(1)(C), and 18 U.S.C. § 982(a)(1) the Defendant Property is forfeitable to the United States because it is property involved in money laundering in violation of 18 U.S.C. § 1956 and proceeds of wire fraud in violation of 18 U.S.C. § 1343.

WHEREFORE, the United States of America respectfully requests that the process of warrant *in rem* issue for the arrest of the Defendant Property; that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Jill L. Locnikar*
JILL L. LOCNIKAR
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412)894-7429
(412)644-6995 (fax)
jill.locnikar@usdoj.gov
PA ID No. 85892 (AFF)

### VERIFICATION

I am a Special Agent of the Federal Bureau of Investigation, and the officer assigned the responsibility for this case.    I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 22 day of April, 2025.


_____

James Maskell, Special Agent
Federal Bureau of Investigation